UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| CORNELIUS TERRELL McDANIEL, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-cv-125 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| KEN McKEE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER DENYING MOTION**
**FOR APPOINTMENT OF COUNSEL**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. The *pro se* petition challenges his murder conviction imposed by the Kent County Circuit Court after a jury trial. By reason of Judge Bell's order of partial dismissal (docket # 10), the only habeas claims now pending are a claim of instructional error (claim II) and sentencing error (claim IV). Petitioner has requested a court-appointed attorney. Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Johnson v. Avery*, 393 U.S. 483, 488 (1969); *Harris v. Bogert*, No. 93-1267, 1993 WL 477008, at * 2 (6th Cir. Nov. 18, 1993); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964); *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. Rule 8(c), RULES GOVERNING SECTION 2254 CASES.

Petitioner's principal justification for seeking appointed counsel is his perception that both the Michigan Court of Appeals and the State have conceded error arising from the trial court's failure to instruct on voluntary manslaughter. Petitioner is mistaken. The state Court of Appeals concluded "that the trial court properly declined to instruct on voluntary manslaughter based on provocation." *People v. McDaniel*, No.243638, slip op at 3 (Mich. Ct. App. April 29, 2004). In his answer to the petition,

respondent asserts that the Court of Appeals was correct. Hence, petitioner's argument based on the existence of admitted "structural error" is erroneous.

The court has considered the complexity of the issues and the procedural posture of the case. At this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of petitioner's position. All facts necessary to a resolution of the case are now reflected in the record and the court has the benefit of the appellate briefs. Petitioner's request for appointment of counsel (docket # 15) is therefore DENIED. The court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

DONE AND ORDERED this 20th day of November, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge